UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION
CASE NO. 0:18-cv-61348

SUSAN GOLDSTEIN

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, SUSAN GOLDSTEIN ("Plaintiff"), through undersigned counsel, sues Defendant, MSC CRUISES, S.A., ("Defendant"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Court also has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 as the causes of action asserted are maritime torts.

4. This action is being filed in this Court because of the forum selection clause in the Passenger Ticket Contract issued by Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of the state of New York.

6. Defendant is a citizen of the state of Florida.

7. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   A. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   B. Had an office or agency in this state and/or county; and/or

   C. Engaged in substantial activity within this state; and/or

   D. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8. At all times material thereto, Defendant owned, operated, managed, maintained and/or controlled the cruise ship vessel, the MSC *Divina*.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## GENERAL ALLEGATIONS

10. This incident occurred on or about February 3, 2018, while Plaintiff was a fare paying passenger onboard the MSC *Divina*.

11. Plaintiff was coming out of her stateroom and walking through a corridor when she tripped and/or slipped when she encountered a rug/carpet in the corridor. Water was leaking from the ceiling, and although Defendant put out buckets to catch some of this leaking water, this did not prevent the subject area from becoming unreasonably wet. As a result, the rug/carpet was water lodged, wet, deformed, warped, uneven, slippery, and/or otherwise unreasonably unsafe. Furthermore, there were no handrails for Plaintiff to grab onto as she was falling. As a result of the fall, Plaintiff suffered traumatic injuries that included, but are not limited to, a foot

fracture.

12. At all times relevant, the carpet/rug and its vicinity were unreasonably dangerous, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

13. The carpet/rug and its vicinity lacked adequate safety features to prevent Plaintiff's fall, and were unreasonably dangerous.

14. These hazardous conditions were known or should have been known to Defendant in the exercise of reasonable care.

15. These hazardous conditions existed for a period of time before the incident.

16. These conditions were neither open nor obvious to Plaintiff.

17. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

18. Further, Defendant failed to adequately repair the carpet/rug where Plaintiff tripped and/or slipped and its vicinity to ensure that they were reasonably safe and in a reasonably safe condition.

19. At all times relevant, Defendant failed to eliminate the hazard(s).

20. At all times relevant, Defendant failed to properly maintain the carpet/rug and its vicinity.

21. At all times relevant, Defendant participated in the design and/or approved the design of the ship, as well as the corridor, lighting, and rug/carpet involved in Plaintiff's incident.

22. At all times relevant, Defendant participated in the instillation and/or approved the installation of the lighting and carpet/rug involved in Plaintiff's incident.

23. At all times relevant, Defendant participated in the decision to remove and/or not to install, and/or approved the decision to remove and/or not to install, adequate handrails in the part of the corridor involved in Plaintiff's incident.

24. At all times relevant, Defendant failed to properly train and supervise its crew.

25. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I – NEGLIGENCE

26. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25 as if set forth herein.

27. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

28. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

29. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to keep and maintain the carpet/rug and its vicinity in a reasonably safe condition;

   b. Failing to inspect, clean, keep and maintain the carpet/rug and its vicinity in a reasonably safe condition;

   c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when using and/or traversing the subject area;

   d. Failing to take proper precautions for the safety of passengers using and/or traversing the subject area;

   e. Failing to warn Plaintiff of the dangerous conditions of the carpet/rug and its vicinity;

f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the carpet/rug and its vicinity;

g. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

h. Negligently designing the ship, the carpet/rug, and the carpet/rug's vicinity to allow hazards, including liquids, to form or accumulate in the area of the incident, as well as in path of passengers such as Plaintiff;

i. Negligently designing the ship, the corridor, and the corridor's vicinity such that the area where Plaintiff fell did not have adequate lighting or adequate handrails;

j. Negligently removing adequate lighting and adequate handrails from the area where Plaintiff fell;

k. Negligently allowing hazards, including liquids, to form or accumulate in the area of the incident, as well as in the path of passengers such as Plaintiff.

l. Failing to adequately train its crew to keep the carpet/rug and its vicinity clean and free of hazards;

m. Failing to keep the carpet/rug and its vicinity clean and free of hazards;

n. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed;

o. Failing to adequately treat the carpet/rug and its vicinity to prevent it from becoming a hazard when wet;

p. Failing to otherwise prevent the carpet/rug and its vicinity from becoming a hazard when wet;

q. Failing to repair the carpet/rug and its vicinity so that they were no longer a hazard when wet;

r. Failing to implement corrective measures after prior similar incidents;

s. Failing to warn of known hazards;

t. Failing to warn passengers of prior similar incidents;

u. Failing to provide adequate lighting to enable passengers to notice any hazards;

v. Failing to provide adequate handrails for its passengers;

w. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

x. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

y. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

30. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

31. Defendant either (a) had actual knowledge of the risk creating and/or dangerous conditions; (b) had constructive knowledge of the risk creating and/or dangerous conditions; (c) would have had knowledge of the risk creating and/or dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk creating and/or dangerous conditions.

32. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of past earnings, and loss of ability to earn wages in the future.

33. The losses are either permanent or continuing in nature.

34. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, SUSAN GOLDSTEIN, demands Judgment against Defendant, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, SUSAN GOLDSTEIN, demands trial by jury on all issues so triable.

**Dated:** June 15, 2018.

>ARONFELD TRIAL LAWYERS
>Attorneys for Plaintiff
>3132 Ponce de Leon Boulevard
>Coral Gables, Florida 33134
>P:    (305) 441.0440
>F:    (305) 441.0198
>
>By:   */s/Spencer Aronfeld, Esq.*
>      Spencer Aronfeld, Esq.
>      Florida Bar No.: 905161
>      Aronfeld@Aronfeld.com
>
>By:   */s/Raul G. Delgado II, Esq.*
>      Raul G. Delgado II, Esq.
>      Florida Bar No.: 94004
>      rdelgado@aronfeld.com
>
>By:   *s/Matthias M. Hayashi, Esq.*
>      Matthias M. Hayashi, Esq.
>      MHayashi@Aronfeld.com
>      Florida Bar No.: 0115973