UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61348-CIV-DIMITROULEAS

SUSAN GOLDSTEIN,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO REQUIRE MEDIATION TO OCCUR PRIOR TO END OF DISCOVERY

Plaintiff, SUSAN GOLDSTEIN, by and through her undersigned counsel, files this Motion to Require Mediation to Occur Prior to End of Discovery. In support of her motion, Plaintiff states as follows:

1. This matter is scheduled for trial on the two-week calendar commencing Monday, September 9, 2019. [DE 13 at p. 1].

2. On July 20, 2018, this Honorable Court entered its Order Setting Trial Date & Discovery Deadlines and Referring Case to Mediation, requiring the parties to participate in mediation no later than sixty (60) days before the scheduled trial calendar. Id. at p. 2.

3. The parties have selected a mediator and a location of the mediation. [DE 15].

4. However, the parties have not been able to agree on a date to set the mediation, and the deadline to file the proposed order scheduling mediation is August 24, 2018. See [DE 12 at p. 6]; see also [DE 13 at p. 2] ("In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not

otherwise addressed herein shall be considered part of this Order.").

5. Defendant insists on holding the mediation on or after the month of May 2019, which is near the May 15, 2019 discovery deadline in this case. [DE 13 at p. 2].

6. However, Plaintiff believes that it is in the best interest of all parties to conduct mediation prior to May 2019, as she anticipates that the parties will likely expend significant time and resources litigating this case throughout the discovery period. An earlier mediation will also assist in conserving precious judicial resources, if the case can resolve early.

7. The parties have already served initial disclosures, requests for production, and interrogatories upon each other, and both of their responses to each other's requests for production and interrogatories are presently due on August 20, 2018.

8. Furthermore, the deposition of Defendant's corporate representative is scheduled to take place on November 19, 2018.

9. The deadline for the parties to exchange expert witness summaries/reports is presently February 12, 2019. [DE 12 at p. 6].

10. Furthermore, the parties are also trying to coordinate a mutually agreeable date to conduct an inspection of the subject ship, the MSC *Divina*.

11. Plaintiff respectfully submits that resolving this case at mediation before the end of this calendar year will conserve both the parties' and this Honorable Court's time and resources.

### Memorandum of Law

Rule 1 of the Federal Rules of Civil Procedure provides that those rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Indeed, the

local rules specifically state that the purpose of mediation is:

> to provide an alternative mechanism for the resolution of civil disputes leading to disposition before trial of many civil cases with resultant savings in time and costs to litigants and to the Court, but without sacrificing the quality of justice to be rendered or the right of the litigants to a full trial in the event of an impasse following mediation.

Southern District of Florida Local Rule 16.2(a)(2). The Eleventh Circuit has also stated that "we encourage district courts to liberally employ any authority they have under local rules to order mediation sua sponte when doing so may expedite the resolution of a case." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). In this regard, "[d]istrict courts have inherent authority to compel mediation[.]" *Aerofund Fin., Inc. v. Office Depot, Inc*., No. 14-80420-CIV, 2014 WL 12539722, at *1 (S.D. Fla. June 23, 2014).

Here, Plaintiff respectfully submits that by the month of December 2018, the parties will likely have already exchanged answers to each other's requests for production and interrogatories, conducted the deposition of Defendant's corporate representative, and possibly taken the deposition and CMEs of Plaintiff while she is in Miami during the week of mediation. Therefore, the parties should have a sufficient amount of discovery completed prior to the month of December to engage in a meaningful mediation.

However, once the parties have taken the depositions of each other's witnesses, of which Defendant's initial disclosures list all of its crew members aboard the MSC *Divina* at the time of the incident as possible witnesses, and once they have had expert witnesses perform CMEs, perform a ship inspection, and author their expert reports, the parties will have expended a substantial amount of time and resources, which may make settlement of the instant case more difficult by the time Defendant proposes mediating in the month of May 2019.

Therefore, for purposes of convenience, efficiency and judicial economy to all parties and

the Court, Plaintiff respectfully requests that this Honorable Court issue an order requiring all parties to attend mediation prior to the end of Discovery.

**WHEREFORE**, Plaintiff, SUSAN GOLDSTEIN, respectfully moves this honorable Court for an order requiring all parties to attend mediation prior to the end of Discovery and any other relief that this Court deems just and appropriate.

## S.D. FLA. L.R. 7.1 CERTIFICATION

I hereby certify that undersigned counsel conferred with counsel for Defendant by e-mail correspondence and telephone conference in a good faith effort to resolve this matter. Defendant is opposed to the relief required.

(**Space Intentionally Left Blank**)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

        ARONFELD TRIAL LAWYERS
        Attorneys for Plaintiff
        3132 Ponce de Leon Blvd.
        Coral Gables, Florida 33134
        P:    (305) 441.0440
        F:    (305) 441.0198

By:   *s/Matthias M. Hayashi*
        Spencer Aronfeld, Esq.
        Florida Bar No.: 905161
        aronfeld@aronfeld.com
        Raul G. Delgado II, Esq.
        Florida Bar No.: 94004
        rdelgado@aronfeld.com
        Matthias M. Hayashi, Esq.
        Florida Bar No.: 0115973
        mhayashi@aronfeld.com

## SERVICE LIST

**Jeffrey Bradford Maltzman, Esq.**
Maltzman & Partners,
PA 55 Miracle Mile
Suite 300
Coral Gables, FL
33134 305-779-5665
Fax: 305-779-5664
Email: jeffreym@maltzmanpartners.com
*Attorney for Defendant*

**Steve Holman, Esq.**
Maltzman & Partners,
P.A. 55 Miracle Mile
Suite 300
Coral Gables, FL
33134
305-779-5665
Fax: 305-779-5664
Email: steveh@maltzmanpartners.com
*Attorney for Defendant*

**T. Alexander Devine, Esq.**
Maltzman & Partners, P.A.
55 Miracle Mile
Suite 300
Coral Gables, FL
33131 305-779-5665
Fax: 305-374-9077
Email: alexd@maltzmanpartners.com
*Attorney for Defendant*