UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61348-CIV-DIMITROULEAS/SNOW

SUSAN GOLDSTEIN,

      Plaintiff,

v.

MSC CRUISES, S.A.,

      Defendant.

_____/

**<u>ORDER</u>**

THIS CAUSE is before the Court on Plaintiff's Motion to Compel as to Interrogatories Nos. 6, 8, 9 and 11 and Requests for Production Nos. 11, 13, 14, 15, 20 and 21 (ECF No. 22), and Plaintiff's Motion to Compel as to her Second Request for Production Nos. 7 and 12 (ECF No. 33), which were referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. (ECF No. 13)[1]

**I. BACKGROUND**

Plaintiff filed this negligence case on June 15, 2018, claiming that she was injured on February 3, 2018, when she fell while walking through a corridor on the MSC Divina, a cruise ship operated by Defendant. According to her Complaint:

> Plaintiff was coming out of her stateroom and walking through a corridor when she tripped and/or slipped when she encountered a rug/carpet in the corridor. Water was leaking from the ceiling, and although Defendant put out buckets to catch some of this leaking water, this did not prevent the subject area from becoming unreasonably wet. As a result, the rug/carpet was water lodged [sic], wet, deformed, warped, uneven, slippery, and/or otherwise unreasonably unsafe. Furthermore, there were no handrails for Plaintiff to

---

[1]According to the Plaintiff, the parties resolved their differences as to Request for Production No. 17 (see ECF No. 38).

grab onto as she was falling. As a result of the fall, Plaintiff suffered traumatic injuries that included, but are not limited to, a foot fracture.

Complaint, ECF No. 1, at ¶ 11.

On July 5, 2018, Defendant answered the Complaint and asserted 21 affirmative defenses, including, *inter alia*, that Plaintiff's claim is governed by maritime law and the limitations contained in her ticket/contract. (Answer, ECF No. 7) Defendant also alleges that Plaintiff's own negligence contributed to her injury (including her failure to seek timely or appropriate medical treatment), and/or that the injury was caused by acts of third parties over which Defendant lacked control. Further, Defendant alleges that it did not have notice of the allegedly dangerous condition, or that the condition was so obvious that Plaintiff should have observed the condition; Defendant also claims that it adequately warned all passengers of the MSC Divina as to any dangers. Defendant asserts that Plaintiff's recovery should be reduced by any collateral source payments she received. (Id.)

This case is set for trial in September 2019, with discovery to be completed no later than May 15, 2019 (ECF No. 13), and expert witness disclosures due on or before June 11, 2019 (ECF No. 31). Amendments to the pleadings are due by February 14, 2019. (ECF No. 13)

Plaintiff filed her first Motion to Compel on September 11, 2018 (ECF No. 22), relating to discovery responses provided by Defendant on August 20, 2018. Approximately one week later, Plaintiff filed another Motion to Compel (ECF No. 23), which she later withdrew.[2] Then on December 19, 2018, Plaintiff filed another Motion to Compel (ECF No. 33), as to her Second Requests for Production, responses to which were served on November 19, 2018.

---

[2]Plaintiff's Motion to Compel as to Interrogatories Nos. 1 and 2 and Request for Production No. 12 (ECF No. 23) was withdrawn by Plaintiff (ECF No. 32).

## II. DISCUSSION

### A. General principles governing discovery

According to Rule 26(b)(1) of the Federal Rules of Civil Procedure:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevance under Rule 26(b)(1) is construed broadly, but is not without limits. Discovery must not only be relevant to the claims and defenses in the case, but also must be proportional "to the needs of the case." Fed. R. Civ. P. 26(b)(1). The determination of what is relevant for discovery purposes depends on the parties' claims and defenses.

An interrogatory must be answered fully and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); S.D. Fla. L.R. 26.1(e)(2)(A). Similarly, objections to requests for production of documents must be stated with specificity, including the reasons for the objection, and must state whether any responsive materials are being withheld on the basis of that objection and "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2); S.D. Fla. L.R. 26.1(e)(2)(A).[3]

The discovery respondent bears the burden of establishing a lack of relevancy or some

---

[3]Plaintiff complains that Defendant's responses include boilerplate objections followed by answers, and otherwise violate this Court's procedures, as described in the General Order on Discovery Objections and Procedures (ECF No. 14). The Court has reviewed Defendant's responses and while some do not comply, the Court finds that Defendant's objections generally have been stated sufficiently specifically to allow Plaintiff's counsel to determine the reason for the objection and to determine whether any responsive materials are being withheld.

3

other basis for resisting production. See, e.g., Adelman v. Boy Scouts of Am., 276 F.R.D. 681 (S.D. Fla. 2011) (noting that court could grant motion to compel "solely based on [discovery respondent's] procedurally inadequate objections"). After a properly stated objection is presented, the proponent of a motion to compel seeking to overrule the objection must prove relevance of the requested discovery. See, e.g., Diamond State Ins. Co. v. His House, Inc., No. 10-20029-CV, 2011 WL 146837 (S.D. Fla. Jan. 18, 2011) (finding that proponent of discovery had not shown relevance of requested deposition).

Further, the Rules of Civil Procedure shall be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**B. Plaintiff's overbroad discovery demands and unreasonable approach to discovery disputes**

The Court has reviewed Plaintiffs' discovery demands, many of which are vague or overly broad. In addition, a portion of the parties' discovery dispute was caused by Plaintiff's failure to specifically describe where her injury took place until September 10, 2018, when she provided an amended response to Defendant's interrogatories and more precisely described the location of her incident. "Plaintiff was coming out of her stateroom and walking through a corridor, in direction to an elevator, when she tripped and/or slipped .... Her incident occurred around 5-10 feet from the entrance to her stateroom. The incident occurred on or around 6:30 pm." (ECF No. 22-2) According to Defendant, this response was still vague, as Plaintiff also stated that she was relying on the allegations of the Complaint and reserved the right to "supplement and/or amend [her] response." (ECF No. 23-1, at 2)

In part because of Plaintiff's failure to adequately identify the location of her fall, and

in part because Plaintiff's counsel unreasonably demanded immediate responses from Defendant without a sufficient basis for doing so, the majority of the parties' discovery disputes are before this Court prematurely. For example, Defendant provided responses to Plaintiff's first request for production on August 20, 2018. Many of Plaintiff's requests sought documents pertinent to "the subject corridor" or "the subject area" of Plaintiff's fall. Defendant responded, appropriately, that such requests were "premature as Plaintiff has not sufficiently identified where the alleged incident occurred" and the "exact location of Plaintiff's alleged incident is unknown at this time ...." (ECF No. 22-3, at ¶ 11) On September 10 (three weeks after Defendant responded to Plaintiff's discovery), Plaintiff provided a more specific description of the location of her fall, as noted above.

Rather than working cooperatively with defense counsel to obtain additional information about "the subject corridor" or "the subject area" after she had more adequately described the location of the corridor/area, Plaintiff instead filed her Motion to Compel on September 11, 2018. In her Motion to Compel, Plaintiff asserts that she "provided the details of her incident" and refers to Exhibit 2, which is her amended discovery response dated September 10, just *one day prior* to the date Plaintiff filed her Motion to Compel, which was filed at 11:47 am on September 11, 2018. While Plaintiff included the certificate of pre-filing conference required by S.D. Fla. L.R. 7.1(a)(3), Plaintiff stated simply that counsel had conferred in an effort to resolve the issues raised in the motion, "but has not [sic] been unable to do so." (ECF No. 22, at 6) Plaintiff could have, instead, described the nature of the parties' dispute, which would have revealed that Defendant was in the process of searching for responsive documents after having been provided a more specific description of the location.

The Court's Local Rules require the filing of discovery motions within 30 days of the response to the discovery request that is the subject of the dispute. S.D. Fla. L.R. 26.1(g)(1).

Defendant's responses were served on August 20, 2018; thus, Plaintiff had until September 19, 2018, in which to file a motion to compel. Further, the 30-day period in which to file discovery motions may be extended once for up to 7 days "by an unfiled, written stipulation between the parties ...." Rather than working cooperatively to resolve the disputes, Plaintiff instead unreasonably rushed to file her Motion to Compel. As this Court stated in the General Order on Discovery Objections and Procedures, "[c]ounsel must actually confer ... and engage in a genuine effort to resolve discovery disputes before filing discovery motions." (ECF No. 14, at 4)[4] Because Plaintiff failed to do so, and instead prematurely brought this dispute before the Court, the Court denies Plaintiff's request to compel Defendant to respond to Requests for Production Nos. 11, 13, 14, 15, 20 and 21. Additional bases for denying Plaintiff's Motion to Compel as to these Requests are addressed later in this Order.

## C. Plaintiff's Motion to Compel better answers to Interrogatories

Plaintiff seeks an order compelling Defendant to provide better answers to Interrogatories Nos. 6, 8, 9, and 11. For the reasons stated below, the Court finds that Plaintiff is not entitled to the relief she requests.

---

[4]The Court has reviewed the parties' communications attached to Plaintiff's withdrawn Motion to Compel and makes the following observations. At 9:56 pm on Sunday, September 16, 2018, Plaintiff's counsel wrote to defense counsel, asking that Defendant "advise ASAP if you agree to produce a better response [to Request for Production No. 12], or we will have to file a motion to compel." (ECF No. 23-1, at 3) The next day, Monday, Sept. 17, 2018, an email from defense counsel advised Plaintiff's counsel that defense counsel was "in Europe with limited email access until Thursday [September 20]." (Id.) Less than two hours later, Plaintiff's counsel sent a message to defense counsel stating that "I need an answer tomorrow morning at the latest, since your client just ignored one of our requests for production." (Id., at 4) On Wednesday, September 19, 2018, Plaintiff filed her motion to compel, reporting on the communication summarized above. As noted above, although the Court's Local Rules require the timely filing of discovery disputes, Rule 7.1(a)(3) allows the parties to stipulate to a seven day extension of the deadline for filing the dispute with the Court.

Defendant objected to Interrogatory No. 6 because it sought facts, including the "full name, address and social security number of each person or entity" Defendant contends is or may be liable for Plaintiff's injury, the legal basis for Defendant's contention, and whether Defendant had notified such person or entity of Defendant's contention. Similarly, Defendant objected to Interrogatory No. 11, which sought facts supporting each of Defendant's affirmative defenses.

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). As noted above, Defendant answered Plaintiff's Complaint on July 5, 2018, and provided responses to Plaintiff's Interrogatories on August 20, 2018, *i.e.*, approximately 6 weeks later. Amendments to the pleadings are due by February 14, 2019, and the deadline for discovery is May 15, 2019.

As noted by the court in In re Checking Account Overdraft Litigation, No. 09-MD-02036, 2010 WL 5136043 (S.D. Fla. Dec. 16, 2010), contention interrogatories "propounded early in the discovery process are often unproductive, expensive and overly burdensome." "Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." Id., citing In re Convergent Tech. Litig., 108 F.R.D. 328, 334, 335 (N.D. Cal. 1985).

The Court finds that Plaintiff's contention interrogatories were premature and unreasonably compounded the "time, effort and cost" of this litigation, and denies Plaintiff's request to overrule Defendant's objections to Interrogatories Nos. 6 and 11.

Defendant also objected to Interrogatory No. 8, which sought six years' worth of

information (five years prior to Plaintiff's incident and one year after), including the names and contact information for any individuals involved in:

> all incidents, complaints of incidents, records of incidents, or recollections of incidents similar to the Plaintiff's incident, i.e., passengers, crew members or other persons tripping, slipping, falling, and/or losing their balance in the subject corridor, on the subject rug/carpet, wherever water was alleged to have been leading from any ceiling on the ship, and/or in the subject area, and/or in any similarly configured areas on the ship or any sister ships thereto, on both the ship on which Plaintiff fell, and on any cruise ship in Defendant's fleet.

Defendant argues that Plaintiff, at least as of the time the response to this Interrogatory was due, had not sufficiently identified "the subject corridor" or area where she fell. Defendant raised the same objection to Interrogatory No. 9, which sought the names and contact information for any individuals involved in, and a description of, "any and all incidents which happened on that day, involving the subject area, as well as the surrounding area, in which any person/crewmember/passenger sustained any injury of any severity." The Court agrees that Interrogatories Nos. 8 and 9 were vague at the time Defendant's responses were due, because of Plaintiff's failure to adequately describe the location of her fall. The Court also agrees that the phrase "similarly configured areas" is vague and therefore sustains Defendant's objection to Interrogatory No. 8 on that basis.

In addition to its objections based on vagueness, Defendant also objected that Interrogatory No. 8 is overbroad and seeks irrelevant information, because it seeks information for five years prior to Plaintiff's incident and one year subsequent thereto, and because it seeks information from all of Defendant's other cruise ships. The Court finds such objections properly stated. Plaintiff has failed to establish that information from Defendant's other cruise ships is relevant, nor that Plaintiff is entitled to six years' worth of information, and therefore the Court sustains these objections.

In light of the Court's other rulings, the Court need not address Defendant's well-

stated objections that Interrogatories Nos. 8 and 9 improperly seek the disclosure of confidential identifying personal health information of other individuals.

**D. Plaintiff's Motion to Compel as to her First Requests for Production**

As discussed above, Plaintiff unreasonably rushed to Court with her dispute relating to Defendant's objections to Plaintiff's Requests for Production Nos. 11, 13, 14, 15, 20 and 21. The Court sustains Defendant's objections as to each of those Requests for Production on the basis of vagueness, due to Plaintiff's failure to adequately describe the location of her fall.

Defendant also objected to Requests for Production Nos. 11, 13, 14, 15, and 20 as overbroad because they either fail to include any limit on the time period for which documents are sought (No. 13), or because they seek documents for a period five years prior to the date of Plaintiff's fall (Nos. 11, 20) or for a period of five years prior and one year subsequent to Plaintiff's fall (Nos. 14, 15). In addition, Defendant objects that Requests Nos. 11, 14, 15, and 20 seek information from any ship in Defendant's fleet. For the reasons stated above as to Interrogatory No. 8, the Court finds that Defendant's objections as to relevance are properly stated and that Plaintiff has failed to establish that information from Defendant's other cruise ships is relevant, nor that Plaintiff is entitled to information from a period of six, or even five, years, and therefore the Court sustains these objections. In light of the Court's other rulings, the Court need not address Defendant's well-stated objections that Requests Nos. 14, 15 and 20 improperly seek the disclosure of confidential identifying personal health information of other individuals.

As to Request for Production No. 21, Defendant objects that Plaintiff's request for "[a]ny and all documents which reflect or concern any and all repairs, replacements, and/or alterations to the subject area where Plaintiff's accident occurred since the date of that accident"

seeks information not relevant, or at least not admissible. While the Court agrees that the relevancy of such information is questionable, Rule 26 provides for a relatively broad scope of discovery, which does not depend on admissibility. Because Plaintiff subsequently has more adequately stated the location of her fall, and because of the obligation under Rule 26 (e) to supplement disclosures previously made, the Court directs Defendant to respond to Request for Production No. 21, and Defendant may limit its response to only those "repairs, replacements, and/or alterations" which are arguably relevant to Plaintiff's claim, *i.e.*, repairs made to the floor or the ceiling at the location of Plaintiff's fall, since the date of Plaintiff's fall on February 3, 2018, through the date of the filing of this lawsuit.

**E. Plaintiff's Motion to Compel as to her Second Requests for Production**

In her Second Request for Production, Plaintiff sought information in Request No. 7 about "a hole in the wall, or a sound coming from a cabin" for "the subject corridor and for all cabins next to the subject corridor," for a period of five years prior to her fall and for six months after her fall. She also requested, in Request No. 12, information about "all corrections, repairs, replacements, and/or alterations of holes in walls, and of conditions causing sounds coming from cabins, for the subject corridor" for a similar period of time. The relevancy of the requested information is very questionable. The Court has reviewed the excerpts of Plaintiff's deposition testimony, in which she admits that she is "not sure" about any correlation between the noise she heard and the water she saw outside her cabin. Indeed, Plaintiff testified that the noise she heard was "throughout the whole ship." (ECF No. 39-1, at 3-4))

For the reasons stated above as to Plaintiff's Requests for Production Nos. 11, 13, 14, 15, and 20 in her First Request for Production, the Court sustains Defendant's objections as to

overbreadth and relevancy as to the time period requested in Requests Nos. 7 and 12 of Plaintiff's Second Request for Production. Defendant reportedly provided guest services complaints for the period of April 2017 to the date on which they responded to the discovery regarding complaints about noise or a "hole in the wall" from cabins adjacent to Plaintiff's cabin. The Court finds such response sufficient and sustains Defendant's objection in all other respects as to Request No. 7.

As to Request No. 12, for the reasons stated above as to Request No. 21 in Plaintiff's First Request for Production, the Court directs Defendant to respond to Request for Production No. 12, as follows: Defendant shall respond and may limit its response to only those "corrections, repairs, replacements, and/or alterations" which are arguably relevant to Plaintiff's claim, *i.e.*, repairs made to the walls at the location of Plaintiff's fall, for a period of six months prior to the date of Plaintiff's fall on February 3, 2018, and through the date of the filing of this lawsuit.

## III. CONCLUSION

For the reasons stated above, it is

ORDERED and ADJUDGED that Plaintiff's Motion to Compel as to Interrogatories Nos. 6, 8, 9 and 11 and Requests for Production Nos. 11, 13, 14, 15, 17, 20 and 21 (ECF No. 22) is GRANTED, in part, as follows:

1. Defendant's objections to Interrogatories Nos. 6, 8, 9 and 11 are sustained.

2. Plaintiff's Motion to Compel as to Requests for Production Nos. 11, 13, 14, 15, and 20 is DENIED, as Plaintiff failed to comply with the requirement of engaging in a genuine effort to resolve discovery disputes before filing discovery motions. Further, the Court sustains Defendant's objections as to overbreadth and relevancy as to these Requests.

3.        Plaintiff's Motion to Compel as to Request for Production No. 21 is GRANTED, in part. Defendant's objections to this Request are sustained, with the exception of the relevancy objection, which is overruled in part. The Court directs Defendant to respond, within fourteen days of this Order, to Request for Production No. 21, as to the request for documents as to "repairs, replacements, and/or alterations" made to the floor or the ceiling at the location of Plaintiff's fall during the time since Plaintiff's fall on or about February 3, 2018, and through the date this lawsuit was filed.

Further, it is

ORDERED and ADJUDGED that Plaintiff's Motion to Compel as to Requests for Production Nos. 7 and 12 (ECF No. 33) is GRANTED, in part, as follows:

1.        Defendant's objections to Request for Production No. 7 are sustained.

2.        Defendant's objections to Request for Production No. 12 are sustained, with the exception of the relevancy objection, which is overruled in part. Defendant is directed to respond, within 14 days of this Order, to Request for Production No. 12, and may limit its response to only those "corrections, repairs, replacements, and/or alterations" which are arguably relevant to Plaintiff's claim, *i.e.*, repairs made to the walls at the location of Plaintiff's fall, for a period of six months prior to the date of Plaintiff's fall on February 3, 2018, and through the date of the filing of this lawsuit.

DONE and ORDERED at Fort Lauderdale, Florida this 23rd day of January, 2019.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: counsel of record