UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61348-CIV-DIMITROULEAS/SNOW

SUSAN GOLDSTEIN,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL A SECOND SHIPBOARD INSPECTION**

Plaintiff, SUSAN GOLDSTEIN ("Plaintiff"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 37(a)(3)(B)(iv) hereby files this Motion to Compel Second Shipboard Inspection, and states:

1. This is a personal injury case concerning a cruise ship passenger who, on February 3, 2018, tripped and fell on carpet that had become deformed due to water that was leaking from the ceiling aboard Defendant's cruise ship, the MSC *Divina*, and suffered severe injuries that included injuries to her foot and back.

2. Plaintiff testified that she "**kn[ew] that the carpet was a little ruffled**[,]" apparently due to water having been soaked into it, see Excerpts of Plaintiff's Deposition Transcript, attached hereto as Exhibit 1 (highlighting added). Plaintiff also testified that **"[w]hen I fell I knew it was wet**." Id.

3. On January 20th, 2019, Plaintiff's counsel and her expert, Dr. Francisco De Caso Basalo, conducted a ship inspection aboard the ship at issue in this case, the MSC *Divina*. See Plaintiff's Operative Notice of Ship Inspection, attached hereto as Exhibit 2.

4. In Plaintiff's Operative Notice of Ship Inspection, she specifically requested that Defendant "provide the subject area of the incident to be inspected in **substantially the same condition as it was at the time of the incident**." See Id. at p. 1.

5. However, as Plaintiff's expert was in the elevator going to the inspection area on deck 12, he asked counsel for MSC, who was present at the time of the inspection, if it was possible to wet the area to "reproduce the conditions" (as they were at the time of the incident), but counsel for MSC replied that it was not possible. See Declaration of Dr. Francisco De Caso Basalo, attached hereto as Exhibit 3 at p. 1, ¶5.

6. Plaintiff's expert was not made aware that there would be such a limitation prior to the day of the ship inspection. See Id. at p. 2, ¶6.

7. He was therefore not able to proceed with any testing of the carpet in the area in a wet state. Such testing would have included the level of water on a wet carpet being transported; as well as the absorbent or non-absorbent properties of the carpet when wet. See Id. at ¶7.

8. However, Plaintiff's expert did discover evidence that parts of the pipes that carried water throughout the corridor had corrosion that indicated that water had leaked from them at some point, and after looking above the ceiling, that sections of the ceiling above the

corridor had corrosion that indicated water had leaked through to the carpet below. See Dr. De Caso's Declaration, Exhibit 3 at p. 2, ¶9; see also Photograph of Area Above Ceiling, attached hereto as Exhibit 4. Plaintiff's expert also discovered during the ship inspection that there was a rag/towel in the plumbing unit in that panel next to Ms. Goldstein's cabin, which was evidence of improper maintenance. See Dr. De Caso's Declaration, Exhibit 3 at p. 2, ¶10; see also Photograph of Plumbing Unit, attached hereto as Exhibit 5.

9. As Plaintiff's expert notes, "[d]epending on the level of water and saturation on the corridor carpet, that water can be potentially transported by passengers walking in the area. Thus, the conditions can be reproduced and be tested, as originally intended in the inspection." See Dr. De Caso's Declaration, Exhibit 3 at p. 2, ¶11.

10. However, because he was prevented from completing his testing, since he was not allowed to test the conditions of the subject carpet in a wet state, Plaintiff's expert was not able to obtain all the necessary data to complete his examinations and form his expert opinions. Id. at ¶8.

11. Without seeking intervention from the Court, Defendant unilaterally limited the Plaintiff's expert's examination which has caused Plaintiff significant and undue financial hardship for the cost of an incomplete expert examination of the vessel. Resultingly, Plaintiff's expert has not been able to formulate a complete expert evaluation with opinions on the Defendant's liability for causing the subject incident.

## ARGUMENT

Pursuant to Fed.R.Civ.P.37(a)(3)(B), a party can move to compel discovery when the opposing party fails to comply with discovery requests pursuant to Fed.R.Civ.P.34. Fed.R.Civ.P.26(b)(1) allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." The Court must limit the discovery otherwise where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P.26(b)(2)(C).

It is Plaintiff's burden to prove the area of her incident was unsafe as a result of Defendant's negligence. A significant component of proving the Defendant's liability is proven by an expert's evaluation of the premises to determine, amongst other things, how the subject

carpet reacts to wet conditions. However, Plaintiff's expert's evaluation of the area is currently incomplete due to Defendant's arbitrary and unilateral tactic of limiting the conditions under which the subject carpet could be tested on the ship to dry conditions. As such, Plaintiff respectfully requests an order compelling Defendant to make the MSC *Divina* available to Plaintiff's expert for a second inspection within a reasonable time following this Honorable Court's ruling on the instant motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Defendant to allow Plaintiff to conduct a second shipboard inspection, as well as compelling Defendant to pay Plaintiff's costs for conducting a second shipboard inspection, including the fees for Plaintiff's expert to attend a second vessel inspection, and to award such further relief as the Court deems just or appropriate.

## RULE 7.1 CERTIFICATION

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Plaintiff certifies that he has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion, both by electronic emails exchanged between them, as well as by a telephonic conference on January 24, 2019. Counsel for Plaintiff advised that

> the main issue we are concerned about is your office making an argument that our client lacks evidence of causation by claiming that there is no evidence that the carpet would have been a hazard even if it was wet. If you would like to avoid the expense of another ship inspection, I propose that your client agree not to make a causation challenge based on the carpet allegedly not being wet (or perhaps at least to agree that it is a matter for the jury to decide, and to at least agree not to make such a challenge to causation in a motion for summary judgment, directed verdict, motion for new trial/JNOV or any such similar motion or request to the Court. As I see it, it would not be fair to our client not to seek another ship inspection if your client intends to argue that she doesn't have evidence regarding the danger of the carpet when wet, if we are not allowed to do this testing. This seems like a reasonable compromise to me.

Defendant has not agreed to Plaintiff's proposed compromise, and the parties have been unable to resolve the issues raised in this motion.

## SIGNATURE AND CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the

attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

                                                Respectfully submitted,

                                                ARONFELD TRIAL LAWYERS
                                                Attorneys for Plaintiff
                                                3132 Ponce de Leon Blvd.
                                                Coral Gables, Florida 33134
                                                Tel:    (305) 441 - 0440
                                                Fax:    (305) 441 - 0198

                                      By:     */s/Matthias M. Hayashi, Esq.*
                                                Spencer M. Aronfeld, Esq.
                                                Florida Bar No.: 905161
                                                Aronfeld@aronfeld.com
                                                Matthias M. Hayashi, Esq.
                                                Florida Bar No.: 0115973
                                                MHayashi@Aronfeld.com

## SERVICE LIST

**Jeffrey Bradford Maltzman, Esq.**
Maltzman & Partners,
PA 55 Miracle Mile
Suite 300
Coral Gables, FL
33134 305-779-5665
Fax: 305-779-5664
Email: jeffreym@maltzmanpartners.com
*Attorney for Defendant*

**Steve Holman, Esq.**
Maltzman & Partners,
P.A. 55 Miracle Mile
Suite 300
Coral Gables, FL 33134
305-779-5665
Fax: 305-779-5664
Email: steveh@maltzmanpartners.com
*Attorney for Defendant*

**T. Alexander Devine, Esq.**
Maltzman & Partners, P.A.
55 Miracle Mile
Suite 300
Coral Gables, FL
33131 305-779-5665
Fax: 305-374-9077
Email: alexd@maltzmanpartners.com
*Attorney for Defendant*