UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61348-CIV-DIMITROULEAS/SNOW

SUSAN GOLDSTEIN,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

## REPORT AND RECOMMENDATIION

THIS CAUSE is before the Court on the Plaintiff's Motion for Sanctions (ECF No. 59), which was referred to the undersigned by the Honorable William P. Dimitrouleas (ECF No. 60).

## BACKGROUND

At depositions on March 7, 2019, which had been scheduled by the Defendant as to two of the Plaintiff's treating medical providers (Boris Shapiro, physical therapist, and Dr. Lesley Warren, podiatrist), the Plaintiff's counsel learned that defense counsel had "previously spoken" to the witnesses. (ECF No. 59, at 2) The Plaintiff claims that such conversations violated Fla. Stat. § 456.057 and she seeks various sanctions as a result of the alleged violations. In addition to the allegedly improper conversations in advance of the depositions, the Plaintiff also seeks sanctions against Mr. Shapiro for his refusal to answer certain of the questions posed by the Plaintiff, but the Plaintiff failed to provide notice to Mr. Shapiro of the requested sanctions, and also fails to cite any basis for the award of sanctions other than the Florida statute noted above.

The Plaintiff seeks an order striking Mr. Shapiro and Dr. Warren as witnesses and an

order "striking" their records. Alternatively, the Plaintiff seeks to compel Mr. Shapiro to attend another deposition, and to bear the costs himself, "to answer counsel for Plaintiff's questions," and also that Mr. Shapiro be required to pay the costs of the prior deposition, including Plaintiff's counsel's fee for conducting the deposition. The Plaintiff also seeks her attorneys' fees for preparing the Motion for Sanctions and "a financial sanction against both Mr. Shapiro and Dr. Warren." (ECF No. 59)

The Court finds no basis for an award of the sanctions sought by the Plaintiff.

## DISCUSSION

According to Florida law, a patient's medical records are protected from disclosure by her medical professionals unless certain requirements have been met. Fla. Stat. § 465.057. Medical records can be disclosed, for example, in a civil case "upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient ... by the party seeking such records." Fla. Stat. § 465.057(7)(a)(3). The Plaintiff admits that Fla. Stat. § 456.057 does not provide for a sanction for violation of the statute. Despite this lack of authority for her Motion for Sanctions based on a violation of that Florida statute, the Plaintiff argues that the Court "indisputably has the authority to issue an appropriate sanction." (ECF No. 68, at 6) The Plaintiff, fails, however, to provide citation to any persuasive authority indicating that sanctions are appropriate in the present circumstances.

Request for sanctions based on pre-deposition conversations with defense counsel

In her Motion the Plaintiff claims that defense counsel's conversation with Boris

Shapiro, the Plaintiff's "treating physical therapist" was "about his treatment of Plaintiff," and also that the discussion was about "his medical records pertaining to" to the Plaintiff. Id. The Plaintiff subsequently clarified that she was not accusing defense counsel of having discussed "the substance" of the Plaintiff's medical records. Plaintiff's Reply (ECF No. 68), at 6.

Defense counsel provided a declaration that prior to the deposition he had received medical records from Mr. Shapiro, pursuant to medical authorization forms signed by the Plaintiff on August 28, 2018. Declaration of Alexander Devine (ECF No. 64-3), at ¶ 2. According to counsel, "[a]fter analyzing the medical records from Boris Shapiro, I called him to schedule his deposition. I asked if the Plaintiff's medical records were his and his availability for deposition. I did not speak to [him] about his treatment of Plaintiff, nor did we discuss the substance of Plaintiff's medical records. I never told Plaintiff's counsel that I had spoken to Boris Shapiro about his treatment of Plaintiff or medical records. I only told Plaintiff's counsel that Boris Shapiro told me he did not remember Plaintiff when I called to tell him I was going to subpoena him for deposition." Id., at ¶¶ 4-6. The Plaintiff's counsel filed his own declaration, stating that defense counsel told him that defense counsel asked Mr. Shapiro "whether his records pertaining to Plaintiff and his treatment of her were accurate" and that Mr. Shapiro confirmed that his records were accurate. Declaration of Spencer M. Aronfeld (ECF No. 68-1), at ¶ 3.

Counsel's declarations are consistent with the deposition testimony of Mr. Shapiro. When asked whether he discussed the substance of the Plaintiff's medical records when he was phoned by defense counsel prior to the deposition he responded "No." Deposition of Boris Shapiro (ECF No. 64-4), at 24. He also testified that he confirmed by phone that the records were his own. Id., at 26, 27. Mr. Shapiro was at the deposition pursuant to a subpoena. (ECF No. 59-1)

In summary, a single question by defense counsel as to whether the medical records

3

were those of Mr. Shapiro and whether they were accurate appears to be the main support for the Plaintiff's request for sanctions pursuant to Fla. Stat. § 456.057 as to Mr. Shapiro, whose medical records were already in the possession of the Defendant pursuant to a release signed by the Plaintiff months earlier. This is insufficient as a basis for sanctions, as discussed further below.

The Plaintiff does not specify the content of the allegedly improper discussion with Dr. Lesley Warren, the Plaintiff's treating podiatrist. Motion (ECF No. 59), at 2-3. According to defense counsel, he asked similar questions of Dr. Warren as he had of Mr. Shapiro and, upon arriving at the doctor's office for the deposition, Dr. Warren "offered me a donut." Declaration of Alexander Devine (ECF No. 64-3), at ¶¶ 8-10. Dr. Warren testified at her deposition that she was asked by defense counsel over the phone prior to the deposition whether she remembered the Plaintiff, and responded that she did not remember the Plaintiff. Deposition of Warren (ECF No. 64-5), at 38-39. Dr. Warren also testified that when defense counsel arrived at the office for the deposition, Dr. Warren offered him a donut. Id., at 41. Dr. Warren was deposed pursuant to a Notice of Deposition. (ECF No. 59-2)

A single question to Dr. Warren as to whether she remembered the Plaintiff seems to be the sole support for the Plaintiff's request for sanctions against Dr. Warren, whom the Plaintiff did not serve with her Motion for Sanctions. This is woefully insufficient and, arguably, the record should have compelled the Plaintiff to withdraw her Motion for Sanctions as to Dr. Warren upon review of the transcript of the deposition.

The Plaintiff fails to cite persuasive authority for any of her requested sanctions as to these two witnesses or as to the Defendant. The Plaintiff's reliance on Phillips v. Ficarra, 618 So.2d 312, 314 (Fla. 4th DCA 1993), is misplaced. In that case the court found that it was not an abuse of discretion to refuse to strike the testimony of a physician who might have violated Fla. Stat.

4

§ 456.057 by speaking with defense counsel who asked the physician to review an MRI of the plaintiff.[1] The court noted that relevant factors to the exercise of a trial court's discretion on this issue include "the extent of the violation, its willfulness, and its degree of harm to the patient." Id., at 314. While it appears that both of these medical professionals provided testimony unfavorable to the Plaintiff, and thus she was "harmed" by their testimony, there is no basis for a finding that such unfavorable testimony was based on the alleged violation of the Florida statute. Moreover, the extent of the violation, if any, is so minimal as to not warrant the sanctions requested by the Plaintiff, particularly where there is no evidence that the Plaintiff's medical treatment information was revealed to the defense counsel during these conversations. In Bradley v. Brotman, 836 So.2d 1129, 1136 (Fla. 4th DCA 2003), the court noted that it was not an abuse of discretion to deny a motion for sanctions after defense counsel contacted a plaintiff's physician, without notice to the plaintiff's counsel, where that physician was not listed as a causation witness "and because the doctor revealed nothing to [defense counsel] when he called." Id.[2] The conduct in that case was much more egregious than the conduct challenged by the Plaintiff in the present case, which amounted to, at most, discussion of logistics, confirmation that the health care providers' records were their own (and accurate), and whether to have a donut before a deposition started.

---

[1] The Phillips v. Ficarra case refers to the previous numbering of the pertinent statute, which was Fla. Stat. § 455.241. The Supreme Court of Florida has held that the primary purpose of the legislature's amendment to that statute in 1988 was to "create a physician-patient privilege where none existed before, and to provide an explicit but limited scheme for the disclosure of personal medical information." Acosta v. Richter, 671 So.2d 149, 154 (Fla. 1996).

[2] The state court ordered a new trial on other grounds and noted that the trial court could reconsider the motion for sanctions if the physician were called to testify. Bradley v. Brotman, 836 So.2d at 1136.

Request for sanctions against Mr. Shapiro for failure to answer questions

The Plaintiff argues that Mr. Shapiro's failure to answer questions at his deposition warrants imposition of sanctions. The Court has reviewed the parties' arguments, and the transcript of the deposition of Mr. Shapiro. Regarding his conversation with defense counsel prior to the deposition, Mr. Shapiro testified that: "My conversation with Mr. Devine was not very nice.... I did not want to participate in this.... I said 'What do you want from me? I'm a busy man. I'm not a healthy person. I get very nervous in these type of situations which exacerbates my headaches. What do you want from me?'" Deposition (ECF No. 64-4), at 26. After this statement by the witness, the Plaintiff's counsel moved into an area of extensive questioning related to whether Mr. Shapiro was complying with Medicare requirements related to billing and the accuracy of his records, id., at 27-36, and whether Mr. Shapiro had ever worked for the Defendant before or whether he was being paid for his time at the deposition by the Defendant, id., at 43. While Mr. Shapiro did refuse to answer some of the questions posed by Plaintiff's counsel Spencer Aronfeld, stated that "I'm going to terminate the deposition because this is an uncooperative witness who refuses to answer my questions under subpoena." (ECF No. 64-4), at 43. The record does not reveal that the Plaintiff had subpoenaed Mr. Shapiro, who was appearing at the deposition pursuant to a subpoena issued by the Defendant. Moreover, the Court notes that defense counsel directed the witness that he was "required to answer" the questions. Id., at 44.

The Court need not address further the request for sanctions against Mr. Shapiro, as the Motion for Sanctions was brought for alleged violations of Fla. Stat. § 465.057, and the failure to answer questions at his deposition is not evidence that Mr. Shapiro (or the Defendant) violated that statute.

Consistent with the above, it is

RECOMMENDED that the Plaintiff's Motion for Sanctions (ECF No. 59) be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE and SUBMITTED at Fort Lauderdale, Florida this 30th day of May, 2019.

                                              LURANA S. SNOW
                                              UNITED STATES MAGISTRATE JUDGE

Copies to:
 Counsel of Record