UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61348- CIV-DIMITROULEAS

SUSAN GOLDSTEIN

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

### ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant MSC Cruises, S.A. ("Defendant")'s Motion for Summary Judgment [DE 89] and Plaintiff Susan Goldstein ("Plaintiff")'s Motion for Partial Summary Judgment [DE 90]. The Court has carefully considered the Motions, Responses [DE's 97, 98], Replies [DE's 99, 100], the statements of material facts, exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

    **I.**    **Standard of Review**

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not

'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## II.   Discussion

In this action, Plaintiff sues Defendant for negligence under maritime law, arising from a slip/trip and fall accident that allegedly occurred while Plaintiff was a passenger on Defendant's cruise ship, the *MSC Divina.*

"Under maritime law, the owner of a ship in navigable waters owes passengers a 'duty of reasonable care' under the circumstances." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015) (citation omitted).  To prevail on her negligence claim against Defendant under maritime law, Plaintiff must establish the following: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014)."   Further, in the

Eleventh Circuit, "the maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition." *Sorrels*, 796 F.3d at 1286.

The Court, having carefully reviewed the evidence presented in the record and the argument of counsel, finds that there are genuine issues of material facts as to the cause of the alleged wetness on the area of the floor where the Plaintiff allegedly slipped or tripped and fell, as well as genuine issues of material facts regarding whether Defendant knew or should have known of the allegedly dangerous condition. Accordingly, these disputed issues of material fact must be determined by a jury and the summary judgment motions must be denied.

### III. Conclusion

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 89] is **DENIED**.
2. Plaintiff's Motion for Partial Summary Judgment [DE 90] is **DENIED**.
3. The parties are reminded that their Joint Pretrial Stipulation is due by **August 23, 2019**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of August, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record