UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61348- CIV-DIMITROULEAS

SUSAN GOLDSTEIN

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

### ORDER RESETTING TRIAL DATE AND CALENDAR CALL; MEMORIALIZING RULINGS FROM THE BENCH

THIS CAUSE is before the Court on the calendar call in this matter, which occurred on March 29, 2019. This Order will memorialize the rulings from the bench.

Accordingly, for the reasons stated by the Court at the September 6, 2019 hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This case is **RESET** for trial on the two-week calendar commencing **Tuesday, November 12, 2019** at 9:00 a.m. Calendar call is **RESET** for **Friday, November 8, 2019** at 9:00 a.m. These proceedings shall be conducted in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, FL.

2. Defendant's Motion to Strike Expert Testimony of Francisco J. De Caso Basalo [DE 96] is **DENIED.**

3. Plaintiff's Omnibus Motion in Limine [DE 112] is **GRANTED IN PART AND DENIED IN PART** as follows: Part I of the Motion (as to corporate representative) is **DENIED WITHOUT PREJUDICE**; Part II of the Motion (as

        to witnesses not produced) is **GRANTED**; Part III of the Motion (as to prior injuries or lawsuits) is **GRANTED** as to prior lawsuits and **DENIED** as to injuries; Part IV of the Motion (as to Boris Shapiro) is **DENIED**;

4. Defendant's Motion in Limine to Preclude any Argument or Evidence of Lack of CCTV Recording [DE 113] is **DENIED**;

5. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Noises in Cabins [DE 114] is **DENIED**;

6. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Discoloration or Rust Stains Inside or on Walls or Ceilings Near Plaintiff's Cabin [DE 116] is **DENIED**;

7. Defendant's Motion in Limine to Preclude any Argument or Evidence of General Problems in Cruise Industry [DE 117] is **GRANTED WITHOUT PREJUDICE**;

8. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Incorrect or Inapplicable Lighting Standard(s) from the Outdated Illumination Society "Lighting Handbook" (IES 2000) or any Other Misleading or Inapplicable Lighting Standard(s) [DE 118] is **DENIED**;

9. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Plaintiff's Expert's Irrelevant Carpet testing and/or Speculation Regarding the Carpet "Buckling" When Wet or Water Being "Tracked" to the Area Where Plaintiff Claims She Fell [DE 119] is **DENIED**;

10. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Water Leaking in Any Area of the Ship Other than in the Area and/or on the day

the Plaintiff Alleges she Fell [DE 120] is **GRANTED WITHOUT PREJUDICE**;

11. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Problems or Issues with Carpet or Flooring in Any Area Other than the Area where Plaintiff Alleges she Fell [DE 121] is **GRANTED IN PART**, except as to those areas near Plaintiff's cabin, in her corridor, and in the elevator area;

12. Defendant's Motion in Limine to Preclude any Argument or Evidence of a Rag Behind a Wall Panel Outside Plaintiff's Cabin [DE 122] is **DENIED**;

13. Defendant's Motion in Limine to Preclude any Argument or Evidence Regarding Trip and/or Falls in Other Areas of the Ship or on Other Ships [DE 123] is **GRANTED WITHOUT PREJUDICE**;

14. Defendant's Motion in Limine to Preclude any Argument or Evidence of Corporate Wealth and Nationality [DE 124] is **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of September, 2019.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record